# **EXHIBIT A**

**Procedures**

**Procedures for Restrictions on Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates[1]**

These procedures for restrictions on certain acquisitions or transfers of and declarations of worthlessness with respect to interests in the Debtors' estates (these "**Procedures**") are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain acquisitions or transfers of Company Stock[2] and declarations of worthlessness with respect to Company Stock to ensure preservation of their Tax Attributes, which would otherwise limit or materially impair the preservation and future use of such tax attributes. The Procedures are set forth below:

1. <u>Notice of Substantial Shareholder Status</u>. Any Person who is or becomes a Substantial Shareholder, must, on or before the later of (a) 15 days after service of a notice substantially in the form attached hereto as **Exhibit D** (the "**Notice of Interim Order**"), or (b) 10 days after that Person becomes a Substantial Shareholder, serve a notice by first class mail and, where available, email and fax, substantially in the form attached hereto as **Exhibit A-1** (the "**Substantial Shareholder Notice**"), containing the Beneficial Ownership information upon the following: (i) the Debtors, c/o CTN Holdings, Inc., 548 Market Street, PMB 72015, San Francisco, CA 64101-5401, ATTN: Statton Hammock, and c/o CTN Holdings, Inc., 13355 Noel Road, Suite 2005, Dallas, Texas 75240, Attn: Miles Staglik, (ii) proposed counsel to the Debtors, Whiteford, Taylor & Preston LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, VA 22042-4510, Attn: David W. Gaffey (dgaffey@whitefordlaw.com), Brandy M. Rapp (brapp@whitefordlaw.com), (iii) counsel to the DIP Lender, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299, Attn: Vincent Indelicato (vindelicato@proskauer.com) and One International Place, Boston, MA 02110, Attn: Charles A. Dale (cdale@proskauer.com), and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr. (rdehney@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), Brenna A. Dolphin (bdolphin@morrisnichols.com), and (iv) counsel to any official committee appointed in the Chapter 11 Cases (collectively, the "**Notice Parties**").

2. <u>Restrictions and Procedures for Trading in Company Stock</u>. Any Person that, after the Effective Time (as defined below):

    (a)    is not a Substantial Shareholder and wishes to purchase or otherwise acquire Beneficial Ownership of an amount of Company Stock that would cause the Person to become a Substantial Shareholder;

    (b)    is a Substantial Shareholder and wishes to purchase or otherwise acquire Beneficial Ownership of any additional Company Stock; or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The term stock being as defined generally under various sections of the Internal Revenue Code, including, but not limited to sections 381, 382, 383, 384, and 1504, and other related provisions thereunder.

(c) is a Substantial Shareholder and wishes to sell or otherwise dispose of Beneficial Ownership of any Company Stock,

must file with the Court and serve upon the Notice Parties an advance written declaration of the intended acquisition and/or transfer of Company Stock, substantially in the form attached hereto as **Exhibit A-2** (a "**Declaration of Intent to Accumulate Company Stock**") or **Exhibit A-3** (a "**Declaration of Intent to Transfer Company Stock**" and, together with a Declaration of Intent to Accumulate Company Stock, each a "**Declaration of Proposed Transfer**"), as applicable. For the avoidance of doubt, the acquisition of a Beneficial Ownership of an amount of or any additional Company Stock for purposes of Sections 2(a) and 2(b) above shall include, without limitation, such acquisition by exercise of warrant, option, restricted stock unit or other Option or right to acquire Company Stock (such as, without limitation, debt convertible into equity in the Company or any other similar instruments).

The Debtors shall have 20 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on the applicable Person an objection to any proposed acquisition or transfer of Beneficial Ownership of Company Stock described in the Declaration of Proposed Transfer on the grounds that such acquisition or transfer might adversely affect in any manner the Debtors' ability to utilize or preserve their Tax Attributes.

If the Debtors file an objection, such transaction shall remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.

If the Debtors do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of the Procedures must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer.

3. <u>Procedures for Declarations of Worthlessness of Company Stock</u>. Prior to filing any federal or state income tax return, or any amendment to any such return, or taking any other action that claims any deduction for worthlessness with respect to Company Stock for a taxable year ending before the Debtors' emergence from chapter 11, the applicable 50% Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction, substantially in the form attached hereto as **Exhibit A-4** (a "**Declaration of Intent to Claim a Worthless Stock Deduction**"). The same procedures applicable to a Declaration of Proposed Transfer (described in Section 2 hereof) shall apply with respect to a Declaration of Intent to Claim a Worthless Stock Deduction.

4. <u>Confidentiality</u>. The Debtors and Debtors' counsel shall keep all information provided in all notices delivered pursuant to an interim or final order entered by the Court (an "**Interim Order**" or "**Final Order**," respectively) strictly confidential and shall not disclose the contents thereof to any Person (including any lender), except to the extent (a) necessary to respond to a petition or objection filed with the Court, (b) otherwise required by law, or (c) that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other Person, subject

2

to further Court order. To the extent that confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in redacted form in accordance with the procedures set forth in Local Rule 9018-1(d).

5. <u>Sanctions for Noncompliance Relating to Company Stock</u>. Acquisitions and dispositions of Beneficial Ownership of Company Stock or claims of deductions of worthlessness with respect to Company Stock in violation of the Procedures set forth in Sections 2 and 3 of these Procedures shall be void *ab initio* as an act in violation of the automatic stay prescribed by section 362 of the Bankruptcy Code and pursuant to the Court's equitable power prescribed in section 105(a) of the Bankruptcy Code. The sanction for violating Section 2 of these Procedures shall be reversal of the noncompliant transaction, or such other (or additional) measures as the Court may consider appropriate. The sanction for violating Section 3 of these Procedures shall be the requirement to file an amended tax return revoking the declaration of worthlessness, or such other (or additional) measures as the Court may consider appropriate.

6. <u>Discretionary Waiver by the Debtors</u>. The Debtors may, in their sole discretion, waive, in writing (including via email), any sanctions, remedies, or notification procedures imposed by the Interim Order or the Final Order, as applicable.

7. <u>Continued Compliance with Other Applicable Laws and Rules</u>. The requirements set forth in the Interim Order or Final Order, as applicable, are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

8. <u>Special Rules</u>. A Person acquiring or disposing of Beneficial Ownership of Company Stock in the capacity of Agent of another Person shall not be treated as a Substantial Shareholder solely to the extent the Person is acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under the Interim Order or the Final Order, as applicable; *provided*, *however*, that the account, customer, investment fund, principal, trust, or beneficiary shall not be excluded from the Interim Order or the Final Order, as applicable, by reason of this Section 8.

9. <u>Definitions</u>. For purposes of these Procedures:

"<u>50% Shareholder</u>" means any person or entity that currently is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the I.R.C. and the Treasury regulations thereunder with respect to Company Stock (and any other related provisions under the I.R.C.), provided that ownership shall be measured using the definition of Beneficial Ownership described below.

"<u>Agent</u>" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse, or trustee (but not including a trustee qualified under section 401(a) of the I.R.C.).

"<u>Applicable Number</u>" has the meaning given in the definition of Substantial Shareholder.

3

"Beneficial Ownership" means ownership in accordance with, among others, the applicable rules of sections 382 and 383 of the I.R.C. and the Treasury regulations thereunder (other than section 1.382-2T(h)(2)(i)(A) of the Treasury regulations), and includes direct, indirect, and constructive ownership of Company Stock (*e.g.,* including that (a) a holding company would be considered to beneficially own all Company Stock owned by its subsidiaries, (b) a partner in a partnership would be considered to beneficially own its proportionate share of any Company Stock owned by such partnership, (c) an individual and such individual's family members may be treated as one individual, (d) Persons acting in concert to make a coordinated acquisition of Company Stock may be treated as a single entity, and (e) a holder would be considered to beneficially own Company Stock that such holder has an Option to acquire to the extent provided in section 1.382-4(d) of the Treasury regulations). An "Option" to acquire Company Stock includes all interests described in section 1.382-4(d)(9) of the Treasury regulations, including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. "Beneficial Ownership" and "Beneficial Owner" shall have correlative meanings.

"Declaration of Proposed Transfer" has the meaning given in Section 2 hereof.

"Effective Time" means the Petition Date.

"Motion" means the *Debtors' Motion for Entry of Interim and Final Orders Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* filed in these Chapter 11 Cases.

"Person" means a person or Entity (as such term is defined in section 1.382-3(a) of the Treasury regulations).

"Procedures" has the meaning given in the preamble hereof.

"Substantial Shareholder" means a Beneficial Owner of at least 5,367,083 shares of Company Stock (representing approximately 4.5% of all shares of Company Stock issued and outstanding as of the Petition Date) (such number of shares, the "Applicable Number").

"Substantial Shareholder Notice" has the meaning given in Section 1 hereof.

10. Notice Procedures.

(a) Within five business days after the Court's entry of the Interim Order or Final Order, as applicable, the Debtors propose to provide a notice of Interim Order or notice of Final Order, as applicable, describing the authorized trading restrictions and notification requirements, substantially in the form attached as **Exhibit D** to the Motion, to the Notice Parties (as set forth in the Motion), any identified Substantial Shareholders (or their respective counsels), all holders of Company Stock registered directly with the transfer agent(s) of the Debtors' Company Stock, and all banks, brokers, intermediaries, or mailing agents (collectively, the "Nominees") that hold Company Stock in "street name" for the Beneficial Owners.

(b) Within five (5) business days after receipt of such notice, any holder registered directly with any transfer agent and any broker, bank, dealer, or other agent, intermediary or nominee (each a "Nominee") that holds the Debtors' Company Stock in 'street name' for the beneficial owner thereof, shall, in turn, provide the notice to any holder for whose account the registered holder or Nominee holds at least an Applicable Number of shares of Company Stock. Any such holder shall, in turn, provide the notice to any Person for whom the holder holds at least an Applicable Number of shares of Company Stock, and, in the holder's discretion, may provide the notice to additional Persons for whom the holder holds any shares of Company Stock. Any Person, or Agent acting on such Person's behalf, that sells an aggregate amount of at least an Applicable Number of shares of Company Stock (or an Option with respect thereto) to another Person shall provide a copy of the notice to such purchaser or to any Agent acting on such purchaser's behalf.

# **EXHIBIT A-1**

**Substantial Shareholder Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-10603 (___)<br>(Joint Administration Requested) |

**SUBSTANTIAL SHAREHOLDER NOTICE**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its Beneficial Ownership[2] of Company Stock in an amount at least equal to 5,367,083 shares of Company Stock (representing approximately 4.5% of all shares of Company Stock issued and outstanding as of the Petition Date).

**PLEASE TAKE FURTHER NOTICE** that, as of _____ _____, 2025, the undersigned has Beneficial Ownership of _____ shares of Company Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Company Stock:

| **Number of shares of Company Stock** | **Date Acquired** | **Directly Owned (✓)** |
|---|---|---|
| | | |
| | | |
| | | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that they have examined this Declaration and accompanying attachments (if any), and, to the best of their knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

Respectfully submitted,

(Name of Declarant)

_____
By:

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__
    ,
  (City)        (State)

---

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

2

# **EXHIBIT A-2**

**Declaration of Intent to Accumulate Company Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-10603 (___)<br>(Joint Administration Requested) |

## DECLARATION OF INTENT TO ACCUMULATE COMPANY STOCK

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "**Proposed Transfer**") one or more shares of the Debtors' Company Stock.[2] The Debtors are debtors and debtors in possession in Case No. 25-[●] ([●]) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Company Stock or an Option with respect to _____ shares of Company Stock. If the Proposed Transfer is permitted to occur, the undersigned party would have _____ shares of Company Stock.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Company Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer shall remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Company Stock would each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that they have examined this Declaration and accompanying attachments (if any), and, to the best of their knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

Respectfully submitted,

(Name of Declarant)

By: _____

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__

_____, _____
(City)            (State)

# **EXHIBIT A-3**

**Declaration of Intent to Transfer Company Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-10603 (___)<br>(Joint Administration Requested) |

## **DECLARATION OF INTENT TO TRANSFER COMPANY STOCK**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "**Proposed Transfer**") one or more shares of the Debtors' Company Stock.[2] The Debtors are debtors and debtors in possession in Case No. 25-[●] ([●]) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Company Stock or an Option with respect to _____ shares of Company Stock. If the Proposed Transfer is permitted to occur, the undersigned party would have Beneficial Ownership of _____ shares of Company Stock.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Company Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer shall remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Company Stock would each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

Respectfully submitted,

(Name of Declarant)

_____
By:

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__
                    ,
    (City)        (State)

2

# EXHIBIT A-4

**Declaration of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-10603 (___)<br>(Joint Administration Requested) |

## **DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**

    **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "**Proposed Worthlessness Claim**") with respect to the Debtors' Company Stock.[2] The Debtors are debtors and debtors in possession in Case No. 25-[●] ([●]) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

    **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Company Stock, or an Option with respect to _____ shares of Company Stock.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Company Stock or an Option with respect to _____ shares of Company Stock became worthless during the tax year ending _____.

    **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Acquisitions or Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Debtors and the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim shall not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party would each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 20-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

Respectfully submitted,

(Name of Declarant)

By: _____

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__

_____,

(City)        (State)

2