**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10603 (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS
TO SEAL CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
FOR INDIVIDUALS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to seal and redact certain personally identifiable information of individuals, including any of the Debtors' creditors, employees, former employees, equity holders, and parties in interest, that is included in the consolidated creditor matrix (the "Creditor Matrix"), any other filings with the Court (together with the Creditor Matrix, the "Sealed Filings") and the claims register maintained by the Debtors' claims and noticing agent, and (ii) granting related relief. The Debtors propose to provide an unredacted version of any Sealed Filings to (i) the Court, (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (iii) any official committee appointed in these cases, (iv) other parties in interest

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

upon execution of an acceptable non-disclosure agreement and (v) as otherwise required by Court order.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order with respect to this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are sections 105(a) and 107(b)-(c) of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Local Rules 1001-1(c) and 9018-1.

## BACKGROUND

5. On March 30, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

6. The Debtors are a climate finance company that sells carbon credits to enterprise clients sourced from the Debtors' diverse project developer network. To ensure a reliable supply of the highest quality carbon, the Debtors partner with project developers by providing financial investment, project monitoring, technical assistance and marketing services to carbon credit generators. These partnerships in turn yield high-quality carbon credits made available to the Debtors' customers through a variety of offered products.

7. Additional information regarding the Debtors, their business, the events leading to the commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Miles Staglik in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed concurrently herewith and incorporated by reference.

## BASIS FOR RELIEF

**I.   Cause Exists to Seal Certain Personally Identifiable Information of Individuals.**

8. Although the public has a common law "right of access to judicial proceedings and records," the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001); *see also* 11 U.S.C. § 107(c); *Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

---

[2] Capitalized terms used but not defined herein are used as defined in the First Day Declaration.

3

9. Specifically, section 107(c)(1) of the Bankruptcy Code provides that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). "Means of identification" is defined as:

> (7) ...any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including any*—
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number...

18 U.S.C. § 1028(d)(7) (emphasis added). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any Sealed Filings and the claims register the addresses, including home and other addresses, of individuals, including any individual creditors, employees, former employees, equity holders, and other parties in interest, because such information could be used to, among other things, perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to

her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[3] The Debtors propose to provide an unredacted version of any Sealed Filings to (i) the Court, (ii) the U.S. Trustee, (iii) any official committee appointed in these cases, (iv) other parties in interest upon execution of an acceptable non-disclosure agreement and (v) as otherwise required by Court order.

11. Courts in this jurisdiction routinely grant this relief in comparable chapter 11 cases. *See, e.g.*, *In re Lumio Holdings, Inc.,* No. 24-11916 (JKS) (Bankr. D. Del. Sept. 4, 2024) (authorizing debtor to redact the home addresses of individuals from the creditor matrix and other documents filed or to be filed with the court); *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Apr. 10, 2024); *In re Lucky Bucks, LLC,* No. 23-10758 (KBO) (Bankr. D. Del. June 13, 2023) (same); *In re Amerimark Interactive, LLC*, No. 23-10438 (TMH) (Bankr. D. Del. Apr. 13, 2023) (same).

12. In granting such relief, courts in this district have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same relief proposed here, then Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).[4] Judge Sontchi found that "at

---

[3] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in a motion filed in *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) (D.I. 4).

[4] Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams. . .. [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16. Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access, we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

13.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to section 107(c)(1) of the Bankruptcy Code, the home and other addresses of individuals, including any of the Debtors' creditors, employees, former employees, equity holders, and parties in interest, who are listed on the creditor matrix or any Sealed Filing. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are

---

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24.

survivors of domestic violence or stalking by publishing their addresses without any advance notice or opportunity to opt out or take protective measures.

## NOTICE

14. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtors' proposed debtor-in-possession financing lender; (c) the Internal Revenue Service; (d) Securities and Exchange Commission; (e) Delaware State Treasury; (f) Delaware Secretary of State; (g) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors; (h) the United States Attorney for the District of Delaware; (i) the state attorneys general in states where the Debtors are authorized to do business; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking first-day relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that no further notice of the Motion is required under the circumstances.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as this Court may deem appropriate.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Dated: March 31, 2025<br>Wilmington, Delaware | **WHITEFORD, TAYLOR & PRESTON LLC**[5]<br><br>*/s/ William F. Taylor, Jr.*<br>William F. Taylor, Jr. (DE No. 2936)<br>600 North King Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 35-4144<br>Email: wtaylor@whitefordlaw.com<br><br>**WHITEFORD, TAYLOR & PRESTON LLP**<br>David W. Gaffey (*pro hac vice* pending)<br>Brandy M. Rapp (*pro hac vice* pending)<br>J. Daniel Vorsteg (*pro hac vice* pending)<br>Joshua D. Stiff (*pro hac vice* pending)<br>Alexandra G. DeSimone (*pro hac vice* pending)<br>3190 Fairview Park Drive, Suite 800<br>Falls Church, VA 22042-4510<br>Telephone: (703) 280-9260<br>Email: dgaffey@whitefordlaw.com<br>         brapp@whitefordlaw.com<br>         jdvorsteg@whitefordlaw.com<br>         jstiff@whitefordlaw.com<br>         adesimone@whitefordlaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

---

[5] Whiteford, Taylor & Preston LLP operates as Whiteford, Taylor & Preston LLC in Delaware.