## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CTN HOLDINGS, INC. *et al,*[1] | Case No. 25-10603 (TMH) |
| Debtors. | (Jointly Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## CATONA CLIMATE SOLUTIONS, LLC  (CASE NO. 25-10605)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679).  The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN Holdings, Inc., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-10603 (TMH)<br><br>(Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

CTN Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Debtors' respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management and their advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred, or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Additionally, because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1]　　The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

The Schedules and Statements have been signed by Miles Staglik, Chief Restructuring Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Staglik necessarily relied upon the efforts, statements, and representations of the Debtors' management and advisors. Mr. Staglik has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement, and are in addition to, any specific notes contained in the Debtors' Schedules or Statements. Furthermore, the fact that the Debtors have prepared specific notes with respect to any of the Debtors' Schedules and Statements and not to another should not be interpreted as a decision by the Debtors to exclude the applicability of such specific notes to any other of the Debtors' Schedules and Statements.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.  **Description of These Chapter 11 Cases and "As of" Information Date**. On March 30, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To the best of the Debtors' knowledge, the information included in the Schedules and Statements is presented as of the Petition Date, unless otherwise indicated herein or in the Schedules and Statements.

2.  **General Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. However, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to (a) amend the Schedules and Statements with respect to any claim (each, a "Claim") description or designation; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, security, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (i) liability, or (ii) amounts due or owing, if any, by the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or Causes of Action (as defined below), including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy

or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3.  **Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles, nor are they intended to fully reconcile to any financial statements prepared by the Debtors.  Additionally, the Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

4.  **Book Value**.  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  The Debtors believe that certain of their assets, including (a) goodwill and (b) intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, these chapter 11 cases.  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

5.  **Property and Equipment**.  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three (3) to ten (10) years for furniture, fixtures, equipment, and software.  Leasehold improvements are amortized on the straight-line method over the expected lease term.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

6.  **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Claim or cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or

pursuant to any other right or theory of law (collectively, the "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

7. **Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

8. **Credits and Adjustments**. In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the Debtors have entered into co-marketing arrangements with certain vendors, (d) the vendor provided volume rebates and cash discounts; and (e) quantity and/or shipping variances and violations may have occurred. Certain of these credits are subject to change. Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors. The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

9. **First Day Orders**. Pursuant to various "first day" orders (each, a "First Day Order," and collectively, the "First Day Orders") entered by the Court, the Debtors and their estates are authorized to pay certain prepetition Claims, including, without limitation, certain Claims related to employees and taxes. To the extent certain prepetition Claims were paid pursuant to the relief granted by the First Day Orders, such Claims have been omitted from the Schedules and Statements. Additionally, certain Claims on the Schedules and Statements may have been, or may in the future be, satisfied pursuant to the First Day Orders.

10. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

11. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional

information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

12. **Excluded Assets and Liabilities**. The Debtors have excluded rejection damage Claims of counterparties to executory contracts that may be rejected, if any, to the extent such damage Claims exist. In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

13. **Estimates**. To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management may have made certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions, if any.

14. **Currency**. The financial statements for each Debtor are recorded in United States currency.

15. **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. Rather, executory contracts and unexpired leases have been set forth solely on Schedule G. Although the Debtors have made diligent attempts to properly identify the parties to each executory contract on Schedule G, it is possible that there are more counterparties to certain executory contracts on Schedule G than listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts, the inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts, inadvertent errors, omissions, or over inclusion may have occurred.

16. **Insiders**. The Debtors have attempted to include all payments made on or within twelve (12) months before the Petition Date to any individual or entity deemed an "insider." An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Furthermore, certain of the

individuals identified above may not have been insiders for the entirety of the twelve (12)-month period, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

17. **Accounts Payable and Disbursement Systems**. The Debtors maintain a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course. A more complete description of the Cash Management System is set forth in the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Pay or Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Their Bank Accounts, Existing Business Forms and Corporate Card Program, and (D) Implement Changes to the Existing Cash Management System as Necessary, (II) Waiving Deposit and Investment Requirements, (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Postpetition Intercompany Claims, and (IV) Granting Related Relief* [Docket No. 5].

18. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

19. **Undetermined Amounts**. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

### A.    Schedule A/B – Real and Personal Property

21. **Item 15.** Debtor CTN Holdings, Inc. is the sole owner of seven (7) Debtor and non-debtor entities and is a member of Catona Climate Foundation which is a 501(c)(3) non-profit organization. Of the seven (7) entities, six (6) entities are Debtors in this jointly administered chapter 11 case. These Debtor entities are Catona Climate Solutions, LLC, CTN SPV Holdings, LLC, Make Earth Green Again, LLC, Aspiration QFZ, LLC, Zero Carbon Holdings, LLC, and Aspiration Fund Adviser, LLC. The majority of the assets and liabilities of the Debtors are maintained on the books and records of Debtors CTN Holdings, Inc. and Catona Climate Solutions, LLC. At the time of the filing, the Debtors were in the process of winding down the non-Debtor entity, Aspiration Realty, LLC. The wind-down had not completed as of the Petition Date. Debtor Make Earth Green Again, LLC is the sole owner of five (5) non-debtor entities. Four (4) of the non-debtor entities, Carbon Sequestration I, LLC, Carbon Sequestration II, LLC, Reforestation Initiative I, LLC and Reforestation Initiative II, LLC, are considered dormant companies. The remaining non-debtor entity Carbon Sequestration III, LLC does not maintain any books

and records and is a special purpose entity to serve as a contracting party to two contracts. The current value of Debtors' interest in subsidiary companies has not been determined.

22.  **Item 21.**  Inventory for the Debtors consists primarily of carbon credits that were either created or earned through the normal course of the Debtors' business.  The Debtors make no representation regarding the current market value of the carbon credits. The last analysis completed by the Debtors to adjust inventory to market value was on December 31, 2024. The inventory accounts are reconciled by the Debtors at the end of each month based on new credits that have been received and credits that may have been sold, and they maintain an actual inventory count.  Prior to any market adjustments, the Debtors account for carbon credit at cost.

23.  **Part 7.**  Immediately prior to the filing of these chapter 11 bankruptcy cases,  Debtor CTN Holdings, Inc. was  party to a lease for  property located at 4551 Glencoe Avenue, Suite 300, Marina Del Ray, CA 90292.  On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Reject and Unexpired Lease of Nonresidential Real Property and Abandon Personal Property Effective as of the Petition Date* [Docket No. 7].   The book value of these assets had already been fully depreciated at the time of the filing.  The company does maintain miscellaneous computer equipment and electronics in the possession and control of certain employees.  The vast majority of this equipment has been fully depreciated on the Debtors' books and records.  In addition, in 2023 a batch of old computers were sold.  The sold computers had been fully depreciated at the time, and this equipment has not been reconciled or removed from the books and records of the Debtors as of the filing of Statements and Schedules.  The values listed in this section are the unreconciled net book values.  The current value of the remaining electronics is undetermined.

24.  **Item 72.**  The Debtors in these chapter 11 bankruptcy cases file consolidated tax returns under CTN Holdings, Inc.  The amount of net operating losses reported are based on the loss carry forward as stated on the Debtors' 2023 tax return.  At the time of the filing of the Statements and Schedules, the 2024 tax return had not been prepared.

25.  **Item 74**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective Causes of Action or potential Causes of Action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, Causes of Action arising under the Bankruptcy Code or any other applicable laws.  The Debtors and their estates reserve all rights with respect to any claims and Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and Causes of Actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and Causes of Action.

26.  **Item 77.**  The items described on this Item 77 reflect contractual projects that the Debtors participate in for the future creation of carbon credits.  These are long term assets of the Debtors and no determination of value be conducted.

**B.**     **Schedule D – Creditors Who Have Claims Secured by Property**

27.     The Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors.  Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  Except as specifically stated herein or in the Schedules and Statements, real property lessors, utility companies, customers, and other parties which may hold security deposits have not been listed on Schedule D.  Moreover, the Debtors have not or may not have included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are solely acknowledging that an interest has been asserted by the party that filed such UCC-1 filing, and do not concede that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing.  The Debtors reserve all rights with respect to all UCC-1 filings, as set forth in these Global Notes.  For the avoidance of doubt, Schedule D does not include Claims for which a lien was filed prepetition, but which was subsequently released postpetition.

No Claim set forth on Schedule D is intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.

Reference to the applicable contracts or loan agreements and related documents and applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any of the Debtors' agreements.

The Debtors have made reasonable efforts to locate and identify guaranties in each of the secured financings, debt instruments, and other such agreements to which the Debtors are a party.  The Debtors reserve their rights to amend their respective Schedules and Statements to the extent additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right to amend their respective Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing.

During the three weeks immediately preceding the bankruptcy filing the senior secured creditor Inherent Aspiration, LLC provided $1.175M in protective advances that were rolled over into the DIP financing as set forth in *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority*

*Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* [Docket No. 21]. These protective advances are included in Inherent Aspiration, LLC's stated pre-petition secured debt.

**C.    Schedule E/F – Creditors Who Have Unsecured Claims**

28.    Unless otherwise specified, the amounts listed in Schedule E/F are listed as of the Petition Date.

   ***Part 1: Creditors Holding Priority Unsecured Claims***. The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. Additionally, the Debtors did not list any Claims of any potential priority unsecured creditors whose Claims were satisfied in accordance with the First Day Orders, if any.

   ***Part 2: Creditors Holding Non-Priority Unsecured Claims***. The Debtors have used reasonable efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records. However, additional Claims may exist.

   Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment rights, and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien by a creditor listed on Schedule E/F of the Debtors.

   In addition, Schedule E/F does not include rejection damage Claims of the counterparties to the executory contracts that may be rejected, to the extent such damage Claims exist.

   Certain of the Claims listed on Schedule E/F are marked as unliquidated out of an abundance of caution, but are the Debtors' best estimates of such Claims based on the Debtors' books and records.

**D.    Schedule G – Executory Contracts**

29.    While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth

on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors hereby reserve all of their rights, claims, and Causes of Action with respect to the contracts and agreements whether or not listed on Schedule G, including, but not limited to, all of their property rights, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's Claim, to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G, and to amend or supplement Schedule G as necessary.  The inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the counterparty to such contract, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements.  To the extent that such confidentiality agreements constitute executory contracts, they are not listed individually on Schedule G.

**SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS**

30.     **Statement 1 and 2.**  The Debtors are a climate finance company that delivers high-quality carbon solutions to businesses everywhere, bridging the gap between and connecting companies with robust decarbonization plans to a breadth of carbon removal projects. Immediately preceding the filing of these chapter 11 bankruptcy cases, revenue was generated by the production and sale of carbon credits.  Prior to 2024, the Debtors also operated a consumer finance company which was wound down in 2024.  As a result, there was significant other income reflected on the Schedules that represent interest earned through the consumer banking business. These statements contain the unreconciled book value of the 1) income and 2) other income as represented on the income statements of the Debtors.

31.     **Statement 3:** The Debtors have relied on the financial data and information available to them at the time of the filing of the Schedules and Statements.  The Debtors maintain a centralized banking system and fund operations primarily out of bank accounts in the name

of CTN Holdings, Inc.  The payments listed in this Statement are consolidated for all Debtors and listed on the Statements of Debtor CTN Holdings, Inc.  Out of an abundance of caution Statement 3 contains payments made to bankruptcy professionals within the 90-day period prior to filing.  The payments made to bankruptcy professionals are also listed in Statement 11.

32.     **Statement 4**.  The Debtors have relied on the financial data and information available to them at the time of filing the Schedules and Statements, and have made reasonable efforts to accurately describe the transfers listed in Statement 4.  However, the Debtors are continuing to review their books and records and reserve all rights to recharacterize the transfers listed therein, and to amend or supplement the information provided, to the extent that additional information becomes available and the Debtors determine it is necessary to do so.

33.     **Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

34.     **Statement 11.**  The Debtors in this jointly administered case require the payment to bankruptcy professionals.  Out of an abundance of caution, all payments made to bankruptcy professionals listed in Statement 11 have been listed in each Debtor's Statement 11 in duplicate.  All payments made to professionals were made by Debtor CTN Holdings, Inc. for the benefit of all Debtors.  To bifurcate or allocate  professional fees between the Debtor entities would be unduly burdensome and not provide any incremental value to the estate of the Debtor entities.

35.     **Statement 14.**  As of the Petition date, the Debtors leased a property located in Marina Del Ray, California.  On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Reject and Unexpired Lease of Nonresidential Real Property and Abandon Personal Property Effective as of the Petition Date* [Docket No. 7].  The Irvine, California location was leased by the Debtors, however the Debtors did not occupy or operate from this location.  The Irvine, California location is listed out of an abundance of caution.

36.     **Statement 16**.  The Debtors maintain customer information related to the formerly operated consumer finance business as required by the guidelines of the security exchange commission and FINRA.  This information is maintained by a third party vendor and complies with all required privacy and security regulations.

37.     **Statement 26**.  From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons.  Recipients may include regulatory and tax agencies, financial institutions, investment banks, vendors, debtholders, legal and financial advisors and other parties in the two (2) years immediately before the Petition Date.  Considering the number of such

recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed all parties that may have received such financial statements for the purposes of Question 26d.

38.     **<u>Statement 27.</u>**   The Debtors' inventory consists of various carbon credits, where applicable.   The Debtors also have inventory that consists of preprinted credit card stock for the inactive consumer finance business.   Although the Debtors maintain this inventory at cost value on the books and records, the card stock value is de minimus for any other purpose than licensing the Aspiration Financial consumer finance business trademarks.

39.     **<u>Statement 30</u>**.   Unless otherwise indicated in a Debtors' specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor Name: In re : Catona Climate Solutions, LLC

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 25-10605 (TMH)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

### Part 1:   Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2025<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other | $ 121,767.40 |
| **For prior year:** | From 1/1/2024<br>MM / DD / YYYY | to | 12/31/2024<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 1,530,356.00 |
| **For the year before that:** | From 1/1/2023<br>MM / DD / YYYY | to | 12/31/2023<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 4,591,431.91 |

Debtor: Catona Climate Solutions, LLC                                        Case number *(if known):*    25-10605

Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

|  |  |  |  | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 1/1/2025 MM / DD / YYYY | to  Filing date | Interest Earned | $ 404.11 |
|  |  |  |  | Sale of Carbon Credits | $ 34,101.58 |
| **For prior year:** | From | 1/1/2024 MM / DD / YYYY | to  12/31/2024 MM / DD / YYYY | Interest Earned | $ 1,433.89 |
| **For the year before that:** | From | 1/1/2023 MM / DD / YYYY | to  12/31/2023 MM / DD / YYYY | Interest Earned | $ None |

Debtor: Catona Climate Solutions, LLC

_____      Case number *(if known)*: 25-10605
Name

| **Part 2:** | List Certain Transfers Made Before Filing for Bankruptcy |

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State      ZIP Code<br><br>_____<br>Country | _____ | $ _____ | ☐  Secured debt<br><br>☐  Unsecured loan repayments<br><br>☐  Suppliers or vendors<br><br>☐  Services<br><br>☐  Other |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____<br>Insider's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State      ZIP Code<br><br>_____<br>Country<br><br>**Relationship to Debtor**<br><br>_____ | _____ | $ _____ | _____ |

Debtor: Catona Climate Solutions, LLC

_____
Name

Case number *(if known)*:  25-10605
_____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country | _____ | _____ | $ _____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country | _____<br><br>Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*: 25-10605

## Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | | | Name | ☐ Pending |
| | | | Street | ☐ On appeal |
| | | | | ☐ Concluded |
| | **Case number** | | City          State          ZIP Code | |
| | | | Country | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | Custodian's name | | $ |
| | Street | **Case title** | **Court name and address** |
| | | | Name |
| | | | Street |
| | City          State          ZIP Code | **Case number** | |
| | | | City          State          ZIP Code |
| | Country | **Date of order or assignment** | Country |

Debtor: Catona Climate Solutions, LLC

Case number *(if known)*:  25-10605

Name

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |
| 9.1 | | | $ |
| Creditor's Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Recipient's relationship to debtor** | | | |
| | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Catona Climate Solutions, LLC                                    Case number *(if known)*:    25-10605

Name

| Part 5: | Certain Losses |
|---------|----------------|

**10.**   **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 _____ | _____ | _____ | $ _____ |

Debtor: Catona Climate Solutions, LLC

Case number *(if known):*  25-10605

Name

| Part 6: | Certain Payments or Transfers |
|---|---|

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐  None

|  | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | CR3 Partners, LLC | | 3/12/2025 | $ 50,000.00 |

**Address**

13355 Noel Road
Street

Suite 2005

| Dallas | TX | 75240 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

www.cr3partners.com

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

|  |  |  |  |  |
|---|---|---|---|---|
| 11.2 | CR3 Partners, LLC | | 3/26/2025 | $ 230,300.00 |

**Address**

13355 Noel Road
Street

Suite 2005

| Dallas | TX | 75240 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

www.cr3partners.com

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Name

Case number (if known): 25-10605

| 11.3 | Verita Global LLC (KCC Parent LLC) | | | 3/25/2025 | $ | 25,000.00 |
|---|---|---|---|---|---|---|

**Address**

222 N. Pacific Coast Highway
Street

3rd Floor

| El Segundo | CA | 90245 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

www.veritaglobal.net

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.4 | VRS Restructuring Services, LLC | | | 3/25/2025 | $ | 12,097.00 |
|---|---|---|---|---|---|---|

**Address**

20 Tumble Road
Street

| Bedford | NH | 03110 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.vrsrestructuring.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.5 | Whiteford, Taylor & Preston LLP | | | 4/2/2024 | $ | $ 25,000.00 |
|---|---|---|---|---|---|---|

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Case number *(if known)*: 25-10605

Name

| 11.6 | Whiteford, Taylor & Preston LLP | | 4/3/2024 | $ | $ 20,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

Baltimore | MD | 21202
City | State | ZIP Code

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.7 | Whiteford, Taylor & Preston LLP | | 4/25/2024 | $ | $ 50,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

Baltimore | MD | 21202
City | State | ZIP Code

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.8 | Whiteford, Taylor & Preston LLP | | 6/7/2024 | $ | $ 125,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

Baltimore | MD | 21202
City | State | ZIP Code

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*: 25-10605

| 11.9 | Whiteford, Taylor & Preston LLP | | 6/27/2024 | $ | $ 25,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.10 | Whiteford, Taylor & Preston LLP | | 8/30/2024 | $ | $ 50,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.11 | Whiteford, Taylor & Preston LLP | | 10/2/2024 | $ | $ 75,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC                                    Case number *(if known)*:  25-10605

Name

| | | | | |
|---|---|---|---|---|
| 11.12 | Whiteford, Taylor & Preston LLP | | 10/23/2024 | $  $ 25,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| | | | | |
|---|---|---|---|---|
| 11.13 | Whiteford, Taylor & Preston LLP | | 11/4/2024 | $  $ 10,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| | | | | |
|---|---|---|---|---|
| 11.14 | Whiteford, Taylor & Preston LLP | | 12/6/2024 | $  $ 37,500.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Case number *(if known):*    25-10605

Name

| | | | |
|---|---|---|---|
| 11.15 | Whiteford, Taylor & Preston LLP | 12/20/2024 | $ | $ 10,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| | | | |
|---|---|---|---|
| 11.16 | Whiteford, Taylor & Preston LLP | 12/23/2024 | $ | $ 37,500.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| | | | |
|---|---|---|---|
| 11.17 | Whiteford, Taylor & Preston LLP | 12/31/2024 | $ | 60,800.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Case number *(if known):*   25-10605

Name

| 11.18 | Whiteford, Taylor & Preston LLP | | 2/28/2025 | $ | 25,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.19 | Whiteford, Taylor & Preston LLP | | 3/24/2025 | $ | 75,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.20 | Whiteford, Taylor & Preston LLP | | 3/25/2025 | $ | 40,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

| Baltimore | MD | 21202 |
| City | State | ZIP Code |

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

Debtor: Catona Climate Solutions, LLC

Case number *(if known):*    25-10605

Name

| 11.21 | Whiteford, Taylor & Preston LLP | | 3/27/2025 | $ | 25,000.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

Baltimore          MD          21202
City          State          ZIP Code

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

| 11.22 | Whiteford, Taylor & Preston LLP | | 3/28/2025 | $ | 12,166.00 |

**Address**

7 Saint Paul Street
Street

Suite 1500

Baltimore          MD          21202
City          State          ZIP Code

Country

**Email or website address**

https://www.whitefordlaw.com/

**Who made the payment, if not debtor?**

CTN Holdings, Inc.

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |
| | **Trustee** | | | |
| | | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known):* 25-10605

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

Street

City            State            ZIP Code

Country

**Relationship to Debtor**

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*: 25-10605

<hr>

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| 14.1 4551 Glencoe Avenue | From 6/26/2017 | To 3/30/2025 |
| Street | | |
| Suite 300 | | |
| Marina Del Ray    CA    90292 | | |
| City    State    ZIP Code | | |
| Country | | |
| 14.2 UCI Research Park | From 10/01/2023 | To 10/1/2023 |
| Street | | |
| 5281 California Avenue, Suite 200 | | |
| Irvine    CA    92618 | | |
| City    State    ZIP Code | | |
| Country | | |

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*: 25-10605

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | **Facility Name and Address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|---|
| 15.1 | | | |
| | Facility Name | | |
| | | | |
| | Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | Check all that apply: |
| | | | ☐ Electronically |
| | City    State    ZIP Code | | ☐ Paper |
| | Country | | |

Debtor:  Catona Climate Solutions, LLC                                              Case number *(if known)*:  25-10605

Name

---

**Part 9:**  **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒  No.

☐  Yes. State the nature of the information collected and retained.  _____

Does the debtor have a privacy policy about that information?

☐  No

☐  Yes

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒  No. Go to Part 10.

☐  Yes. Does the debtor serve as plan administrator?

☐  No. Go to Part 10.

☐  Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known):*    25-10605

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

---

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____ <br> Name <br><br> _____ <br> Street <br><br> _____ <br> City    State    ZIP Code <br><br> _____ <br> Country | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 _____ <br> Name <br><br> _____ <br> Street <br><br> _____ <br> City    State    ZIP Code <br><br> _____ <br> Country | _____ <br><br><br> **Address** <br> _____ | _____ | ☐ No <br><br> ☐ Yes |
| 19.2 _____ <br> Name <br><br> _____ <br> Street <br><br> _____ <br> City    State    ZIP Code <br><br> _____ <br> Country | _____ <br><br><br> **Address** <br> _____ | _____ | ☐ No <br><br> ☐ Yes |

Debtor: Catona Climate Solutions, LLC                                        Case number *(if known)*:    25-10605

Name

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | | | | ☐ Yes |
| | Street | | | |
| | | **Address** | | |
| | City        State        ZIP Code | | | |
| | Country | | | |

Debtor: Catona Climate Solutions, LLC
_____
Name

Case number *(if known)*: 25-10605
_____

| **Part 11:** | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 _____ Name | _____ | _____ | $ _____ |
| _____ Street | | | |
| _____ | | | |
| _____ City    State    ZIP Code | | | |
| _____ Country | | | |

Debtor: Catona Climate Solutions, LLC

Case number *(if known):* 25-10605

Name

| Part 12: | Details About Environmental Information |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- | --- |
| 22.1 | | Name | | ☐ Pending |
| | | | | ☐ On appeal |
| | | Street | | ☐ Concluded |
| | Case Number | | | |
| | | City          State          ZIP Code | | |
| | | Country | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | City          State          ZIP Code | City          State          ZIP Code | | |
| | Country | Country | | |

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*:    25-10605

**24.    Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | | | | |
| | Name | Name | | |
| | Street | Street | | |
| | | | | |
| | City        State        ZIP Code | City        State        ZIP Code | | |
| | Country | Country | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*:   25-10605

---

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25.   Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |
| 25.1 _____ <br> Name | _____ | EIN: _____ |
| _____ <br> Street | | **Dates business existed** <br> From _____ To _____ |
| _____ | | |
| _____ | | |
| City     State     ZIP Code | | |
| _____ <br> Country | | |

**26.   Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1 8020 Consulting LLC <br> Name | From  1/19/2021   To  12/15/2024 |
| 6303 Owensmouth Ave <br> Street | |
| 10th Floor | |
| Woodland Hills     CA     91367 <br> City     State     ZIP Code | |
| _____ <br> Country | |
| 26a.2 BDO <br> Name | From  2022   To  Present |
| 600 Anton Blvd. <br> Street | |
| Costa Mesa     CA     92626 <br> City     State     ZIP Code | |
| _____ <br> Country | |
| 26a.3 Dan Bier <br> Name | From  2/15/2023   To  12/1/2023 |
| 548 Market Street <br> Street | |
| PMB 72015 | |
| San Francisco     CA     94104 <br> City     State     ZIP Code | |
| _____ <br> Country | |

Debtor: Catona Climate Solutions, LLC                                    Case number *(if known)*:    25-10605

Name

| 26a.4 | David Cosner | From | 10/11/2022 | To | Present |
| | Name | | | | |

548 Market Street
Street

PMB 72015

| San Francisco | CA | 94104 |
| City | State | ZIP Code |

Country

| 26a.5 | Kevin Harris | From | 2/14/2022 | To | 6/1/2023 |
| | Name | | | | |

548 Market Street
Street

PMB 72015

| San Francisco | CA | 94104 |
| City | State | ZIP Code |

Country

| 26a.6 | Logan Lindabury | From | 1/10/2022 | To | 8/3/2023 |
| | Name | | | | |

548 Market Street
Street

PMB 72015

| San Francisco | CA | 94104 |
| City | State | ZIP Code |

Country

| 26a.7 | Nahrain Shallow | From | 8/15/2022 | To | 12/3/2024 |
| | Name | | | | |

548 Market Street
Street

PMB 72015

| San Francisco | CA | 94104 |
| City | State | ZIP Code |

Country

| 26a.8 | Ryan Earley | From | 10/7/2024 | To | Present |
| | Name | | | | |

548 Market Street
Street

PMB 72015

| San Francisco | CA | 94104 |
| City | State | ZIP Code |

Country

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known)*    25-10605

| 26a.9 | Sam Teplin | From | 11/21/2022 | To | 3/12/2024 |
|---|---|---|---|---|---|

Name

548 Market Street

Street

PMB 72015

| San Francisco | CA | 94104 |
|---|---|---|
| City | State | ZIP Code |

Country

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | | Dates of service | | |
|---|---|---|---|---|
| 26b.1 | BDO | From | 2022 | To | Present |
| | Name | | | |
| | 600 Anton Blvd. | | | |
| | Street | | | |
| | Costa Mesa     CA     92626 | | | |
| | City           State   ZIP Code | | | |
| | Country | | | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 BDO | |
| Name | |
| 600 Anton Blvd. | |
| Street | |
| Costa Mesa     CA     92626 | |
| City           State   ZIP Code | |
| Country | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Catona Climate Solutions, LLC

Case number *(if known)*:    25-10605

Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  David Cosner | |
| Name | |
| 548 Market Street | |
| Street | |
| PMB 72015 | |
| San Francisco        CA        94104 | |
| City        State        ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.3  Michael Shuckerow | |
| Name | |
| 548 Market Street | |
| Street | |
| PMB 72015 | |
| San Francisco        CA        94104 | |
| City        State        ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.4  Rob Lee | |
| Name | |
| 548 Market Street | |
| Street | |
| PMB 72015 | |
| San Francisco        CA        94104 | |
| City        State        ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.5  Ryan Earley | |
| Name | |
| 548 Market Street | |
| Street | |
| PMB 72015 | |
| San Francisco        CA        94104 | |
| City        State        ZIP Code | |
| Country | |

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known):*    25-10605

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|

26d.1  AGO Special Situations II, LP

Name

Joseph Sanberg

Street

c/o Judd Bernstein 825 Third Avenue 21st Floor

| New York | NY | 10022 |
|---|---|---|
| City | State | ZIP Code |

Country

| Name and address |
|---|

26d.2  AGO Special Situations, LP

Name

Joseph Sanberg

Street

c/o Judd Bernstein 825 Third Avenue 21st Floor

| New York | NY | 10022 |
|---|---|---|
| City | State | ZIP Code |

Country

| Name and address |
|---|

26d.3  BDO

Name

600 Anton Blvd.

Street

| Costa Mesa | CA | 92626 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor: Catona Climate Solutions, LLC                          Case number *(if known)*:     25-10605

Name

| Name and address |
|---|

26d.4  Inherent Aspiration MM, LLC
Name

Michael Ellis
Street

450 Lexington Avenue #4503

| New York | NY | 10163 |
|---|---|---|
| City | State | ZIP Code |

Country

| Name and address |
|---|

26d.5  Inherent Aspiration, LLC
Name

Michael Ellis
Street

450 Lexington Avenue #4503

| New York | NY | 10163 |
|---|---|---|
| City | State | ZIP Code |

Country

| Name and address |
|---|

26d.6  Inherent Group GP, LLC
Name

Michael Ellis
Street

450 Lexington Avenue #4503

| New York | NY | 10163 |
|---|---|---|
| City | State | ZIP Code |

Country

| Name and address |
|---|

26d.7  Inherent Group, LP
Name

Michael Ellis
Street

450 Lexington Avenue #4503

| New York | NY | 10163 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor: Catona Climate Solutions, LLC

Name

Case number *(if known):*    25-10605

| **Name and address** |  |  |
|---|---|---|

26d.8  IPV ASP, LLC
Name

Ahmed Fattouh
Street

290 6th Avenue 5H

| New York | NY | 10014 |
|---|---|---|
| City | State | ZIP Code |

Country

| **Name and address** |  |  |
|---|---|---|

26d.9  Mark Villanueva
Name

333 Centre Street
Street

| South Orange | NJ | 07079 |
|---|---|---|
| City | State | ZIP Code |

Country

| **Name and address** |  |  |
|---|---|---|

26d.10  Nano Banc
Name

7700 Irvine Center Drive
Street

Suite 700

| Irvine | CA | 92618 |
|---|---|---|
| City | State | ZIP Code |

Country

| **Name and address** |  |  |
|---|---|---|

26d.11  Oak Tree Capital Management
Name

Brian Laibow
Street

333 South Grand Avenue 28th Floor

| Los Angeles | CA | 90071 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor: Catona Climate Solutions, LLC                                    Case number (if known):    25-10605
Name

| Name and address | | |
|---|---|---|
| 26d.12 Zion Consulting and Advisory LLC | | |
| Name | | |
| Mike Meyer | | |
| Street | | |
| 2940 Le Bateau Drive | | |
| Palm Beach Gardens | FL | 33410 |
| City | State | ZIP Code |
| | | |
| Country | | |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records | |
|---|---|
| 27.1 | |
| Name | |
| Street | |
| | |
| City          State          ZIP Code | |
| | |
| Country | |

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | CTN Holdings, Inc. | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | Sole Member | 100.00% |
| 28.2 | Danny Duran | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | Chief Brand Officer | 0.00% |
| 28.3 | Greg Shadwick | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | CMO | 0.00% |
| 28.4 | Jeffrey Varsalone | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | Independent Board Member | 0.00% |
| 28.5 | Michael Shuckerow | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | COO/General Counsel | 0.00% |
| 28.6 | Miles Staglik | c/o CR3 Partners, 13355 Noel Road, Suite 2005, Dallas, TX  75240 | CRO | 0.00% |
| 28.7 | Nate Redmond | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | Chairman of the Board | 0.00% |

Debtor: Catona Climate Solutions, LLC                                           Case number (if known)    25-10605

Name

| | | | | |
|---|---|---|---|---|
| 28.8 Rob Lee | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | | Co-CEO & Board Member | 0.00% |
| 28.9 Tate Mill | 548 Market Street, PMB 72015, San Francisco, CA  94104-5401 | | Board Member | 0.00% |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1 | | | From _____ To _____ |

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 CTN Holdings, Inc. | EIN:  47-5059122 |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

**Part 14:**   Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/02/2025
               MM / DD / YYYY

✖   / s / Miles Staglik                                  Printed name    Miles Staglik

    Signature of individual signing on behalf of the debtor

    Position or relationship to debtor    Chief Restructuring Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207)** attached?

☑   No

☐   Yes