## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CTN HOLDINGS, INC. *et al,*[1] | Case No. 25-10603 (TMH) |
| Debtors. | (Jointly Administered) |

## AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR
## CTN HOLDINGS, INC. (CASE NO. 25-10603)

Amended herein:

- Schedule A/B Part 5: Inventory, excluding agriculture assets
- Schedule A/B Part 11: All other assets

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679).  The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CTN Holdings, Inc., *et al.*,[1] | Case No. 25-10603 (TMH) |
| Debtors. | (Jointly Administered) |

## AMENDED GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

CTN Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Debtors' respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management and their advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred, or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Additionally, because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

The Schedules and Statements have been signed by Miles Staglik, Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Staglik necessarily relied upon the efforts, statements, and representations of the Debtors' management and advisors.  Mr. Staglik has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement, and are in addition to, any specific notes contained in the Debtors' Schedules or Statements.  Furthermore, the fact that the Debtors have prepared specific notes with respect to any of the Debtors' Schedules and Statements and not to another should not be interpreted as a decision by the Debtors to exclude the applicability of such specific notes to any other of the Debtors' Schedules and Statements.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Description of These Chapter 11 Cases and "As of" Information Date**.  On March 30, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   To the best of the Debtors' knowledge, the information included in the Schedules and Statements is presented as of the Petition Date, unless otherwise indicated herein or in the Schedules and Statements.

2. **General Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements.   However, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to (a) amend the Schedules and Statements with respect to any claim (each, a "Claim") description or designation; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, security, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of (i) liability, or (ii) amounts due or owing, if any, by the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or Causes of Action (as defined below), including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy

or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3.    **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles, nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Additionally, the Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

4.    **Book Value**. Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including (a) goodwill and (b) intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, these chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

5.    **Property and Equipment**. Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three (3) to ten (10) years for furniture, fixtures, equipment, and software. Leasehold improvements are amortized on the straight-line method over the expected lease term. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

6.    **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Claim or cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or

pursuant to any other right or theory of law (collectively, the "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

7.    **Litigation.**  Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

8.    **Credits and Adjustments**.  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the Debtors have entered into co-marketing arrangements with certain vendors, (d) the vendor provided volume rebates and cash discounts; and (e) quantity and/or shipping variances and violations may have occurred.  Certain of these credits are subject to change.  Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

9.    **First Day Orders**.  Pursuant to various "first day" orders (each, a "First Day Order," and collectively, the "First Day Orders") entered by the Court, the Debtors and their estates are authorized to pay certain prepetition Claims, including, without limitation, certain Claims related to employees and taxes.  To the extent certain prepetition Claims were paid pursuant to the relief granted by the First Day Orders, such Claims have been omitted from the Schedules and Statements.  Additionally, certain Claims on the Schedules and Statements may have been, or may in the future be, satisfied pursuant to the First Day Orders.

10.    **Recharacterization**.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, interests, and other items reported in the Schedules and Statements.  Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items.  The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

11.    **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional

information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

12.   **Excluded Assets and Liabilities**. The Debtors have excluded rejection damage Claims of counterparties to executory contracts that may be rejected, if any, to the extent such damage Claims exist. In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

13.   **Estimates**. To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management may have made certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions, if any.

14.   **Currency**. The financial statements for each Debtor are recorded in United States currency.

15.   **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. Rather, executory contracts and unexpired leases have been set forth solely on Schedule G. Although the Debtors have made diligent attempts to properly identify the parties to each executory contract on Schedule G, it is possible that there are more counterparties to certain executory contracts on Schedule G than listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts, the inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts, inadvertent errors, omissions, or over inclusion may have occurred.

16.   **Insiders**. The Debtors have attempted to include all payments made on or within twelve (12) months before the Petition Date to any individual or entity deemed an "insider." An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Furthermore, certain of the

individuals identified above may not have been insiders for the entirety of the twelve (12)-month period, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

17.  **Accounts Payable and Disbursement Systems**.  The Debtors maintain a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course.  A more complete description of the Cash Management System is set forth in the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Pay or Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Their Bank Accounts, Existing Business Forms and Corporate Card Program, and (D) Implement Changes to the Existing Cash Management System as Necessary, (II) Waiving Deposit and Investment Requirements, (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Postpetition Intercompany Claims, and (IV) Granting Related Relief* [Docket No. 5].

18.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

19.  **Undetermined Amounts**.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

20.  **Global Notes Control**.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

**SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES**

A.  **Schedule A/B – Real and Personal Property**

21.  **Item 15.**  Debtor CTN Holdings, Inc. is the sole owner of seven (7) Debtor and non-debtor entities and is a member of Catona Climate Foundation which is a 501(c)(3) non-profit organization.  Of the seven (7) entities, six (6) entities are Debtors in this jointly administered chapter 11 case.  These Debtor entities are Catona Climate Solutions, LLC, CTN SPV Holdings, LLC, Make Earth Green Again, LLC, Aspiration QFZ, LLC, Zero Carbon Holdings, LLC, and Aspiration Fund Adviser, LLC. The majority of the assets and liabilities of the Debtors are maintained on the books and records of Debtors CTN Holdings, Inc. and Catona Climate Solutions, LLC.  At the time of the filing, the Debtors were in the process of winding down the non-Debtor entity, Aspiration Realty, LLC.  The wind-down had not completed as of the Petition Date.  Debtor Make Earth Green Again, LLC is the sole owner of five (5) non-debtor entities.  Four (4) of the non-debtor entities, Carbon Sequestration I, LLC, Carbon Sequestration II, LLC, Reforestation Initiative I, LLC and Reforestation Initiative II, LLC, are considered dormant companies.  The remaining non-debtor entity Carbon Sequestration III, LLC does not maintain any books

and records and is a special purpose entity to serve as a contracting party to two contracts. The current value of Debtors' interest in subsidiary companies has not been determined.

22. **Item 21.** Inventory for the Debtors consists primarily of carbon credits that were either created or earned through the normal course of the Debtors' business.  The Debtors make no representation regarding the current market value of the carbon credits. The last analysis completed by the Debtors to adjust inventory to market value was on December 31, 2024. The inventory accounts are reconciled by the Debtors at the end of each month based on new credits that have been received and credits that may have been sold, and they maintain an actual inventory count.  Prior to any market adjustments, the Debtors account for carbon credit at cost.   Inventory book value related to the pre-paid card stock has been amended to reflect the amount listed in the books and records of the Debtor, CTN Holdings, Inc.

23. **Part 7.** Immediately prior to the filing of these chapter 11 bankruptcy cases,  Debtor CTN Holdings, Inc. was  party to a lease for  property located at 4551 Glencoe Avenue, Suite 300, Marina Del Ray, CA 90292.  On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Reject and Unexpired Lease of Nonresidential Real Property and Abandon Personal Property Effective as of the Petition Date* [Docket No. 7].   The book value of these assets had already been fully depreciated at the time of the filing.  The company does maintain miscellaneous computer equipment and electronics in the possession and control of certain employees.  The vast majority of this equipment has been fully depreciated on the Debtors' books and records.  In addition, in 2023 a batch of old computers were sold.  The sold computers had been fully depreciated at the time, and this equipment has not been reconciled or removed from the books and records of the Debtors as of the filing of Statements and Schedules.  The values listed in this section are the unreconciled net book values.  The current value of the remaining electronics is undetermined.

24. **Item 72.** The Debtors in these chapter 11 bankruptcy cases file consolidated tax returns under CTN Holdings, Inc.  The amount of net operating losses reported are based on the loss carry forward as stated on the Debtors' 2023 tax return.  At the time of the filing of the Statements and Schedules, the 2024 tax return had not been prepared.

25. **Item 73**.  Item 73 has been amended to include two legacy D&O insurance policies of the Debtor, CTN Holdings, Inc.

26. **Item 74**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective Causes of Action or potential Causes of Action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, Causes of Action arising under the Bankruptcy Code or any other applicable laws.  The Debtors and their estates reserve all rights with respect to any claims and Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and Causes of Actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and Causes of Action.

27.     **<u>Item 77.</u>**  The items described on this Item 77 reflect contractual projects that the Debtors participate in for the future creation of carbon credits.  These are long term assets of the Debtors and no determination of value be conducted.

## B.      **Schedule D – Creditors Who Have Claims Secured by Property**

28.     The Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors.  Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  Except as specifically stated herein or in the Schedules and Statements, real property lessors, utility companies, customers, and other parties which may hold security deposits have not been listed on Schedule D.  Moreover, the Debtors have not or may not have included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are solely acknowledging that an interest has been asserted by the party that filed such UCC-1 filing, and do not concede that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing.  The Debtors reserve all rights with respect to all UCC-1 filings, as set forth in these Global Notes.  For the avoidance of doubt, Schedule D does not include Claims for which a lien was filed prepetition, but which was subsequently released postpetition.

No Claim set forth on Schedule D is intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.

Reference to the applicable contracts or loan agreements and related documents and applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any of the Debtors' agreements.

The Debtors have made reasonable efforts to locate and identify guaranties in each of the secured financings, debt instruments, and other such agreements to which the Debtors are a party.  The Debtors reserve their rights to amend their respective Schedules and Statements to the extent additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right to amend their respective Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing.

During the three weeks immediately preceding the bankruptcy filing the senior secured creditor Inherent Aspiration, LLC provided $1.175M in protective advances that were rolled over into the DIP financing as set forth in *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* [Docket No. 21]. These protective advances are included in Inherent Aspiration, LLC's stated pre-petition secured debt.

## C.  Schedule E/F – Creditors Who Have Unsecured Claims

29.  Unless otherwise specified, the amounts listed in Schedule E/F are listed as of the Petition Date.

*Part 1:  Creditors Holding Priority Unsecured Claims*. The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. Additionally, the Debtors did not list any Claims of any potential priority unsecured creditors whose Claims were satisfied in accordance with the First Day Orders, if any.

*Part 2:  Creditors Holding Non-Priority Unsecured Claims*. The Debtors have used reasonable efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records. However, additional Claims may exist.

Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment rights, and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien by a creditor listed on Schedule E/F of the Debtors.

In addition, Schedule E/F does not include rejection damage Claims of the counterparties to the executory contracts that may be rejected, to the extent such damage Claims exist.

Certain of the Claims listed on Schedule E/F are marked as unliquidated out of an abundance of caution, but are the Debtors' best estimates of such Claims based on the Debtors' books and records.

### D.    Schedule G – Executory Contracts

30.    While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors hereby reserve all of their rights, claims, and Causes of Action with respect to the contracts and agreements whether or not listed on Schedule G, including, but not limited to, all of their property rights, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's Claim, to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G, and to amend or supplement Schedule G as necessary.  The inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the counterparty to such contract, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements.  To the extent that such confidentiality agreements constitute executory contracts, they are not listed individually on Schedule G.

### SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

31.    **Statement 1 and 2.**  The Debtors are a climate finance company that delivers high-quality carbon solutions to businesses everywhere, bridging the gap between and connecting companies with robust decarbonization plans to a breadth of carbon removal projects. Immediately preceding the filing of these chapter 11 bankruptcy cases, revenue was generated by the production and sale of carbon credits.  Prior to 2024, the Debtors also operated a consumer finance company which was wound down in 2024.  As a result, there was significant other income reflected on the Schedules that represent interest earned through the consumer banking business. These statements contain the unreconciled book

value of the 1) income and 2) other income as represented on the income statements of the Debtors.

32.     **Statement 3:** The Debtors have relied on the financial data and information available to them at the time of the filing of the Schedules and Statements.  The Debtors maintain a centralized banking system and fund operations primarily out of bank accounts in the name of CTN Holdings, Inc.  The payments listed in this Statement are consolidated for all Debtors and listed on the Statements of Debtor CTN Holdings, Inc.  Out of an abundance of caution Statement 3 contains payments made to bankruptcy professionals within the 90-day period prior to filing.  The payments made to bankruptcy professionals are also listed in Statement 11.

33.     **Statement 4**.  The Debtors have relied on the financial data and information available to them at the time of filing the Schedules and Statements, and have made reasonable efforts to accurately describe the transfers listed in Statement 4.  However, the Debtors are continuing to review their books and records and reserve all rights to recharacterize the transfers listed therein, and to amend or supplement the information provided, to the extent that additional information becomes available and the Debtors determine it is necessary to do so.  Statement 4 has been amended to include payments made on behalf of current or former officers and/or directors by the legacy D&O insurance carriers Capitol Specialty Insurance Corporation and Crum & Forster on behalf of the Debtor, CTN Holdings, Inc.

34.     **Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

35.     **Statement 11.**  The Debtors in this jointly administered case require the payment to bankruptcy professionals.  Out of an abundance of caution, all payments made to bankruptcy professionals listed in Statement 11 have been listed in each Debtor's Statement 11 in duplicate.  All payments made to professionals were made by Debtor CTN Holdings, Inc. for the benefit of all Debtors.  To bifurcate or allocate  professional fees between the Debtor entities would be unduly burdensome and not provide any incremental value to the estate of the Debtor entities.

36.     **Statement 14.**  As of the Petition date, the Debtors leased a property located in Marina Del Ray, California.  On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Reject and Unexpired Lease of Nonresidential Real Property and Abandon Personal Property Effective as of the Petition Date* [Docket No. 7].  The Irvine, California location was leased by the Debtors, however the Debtors did not occupy or operate from this location.  The Irvine, California location is listed out of an abundance of caution.

37.     **Statement 16**.  The Debtors maintain customer information related to the formerly operated consumer finance business as required by the guidelines of the security exchange

commission and FINRA.  This information is maintained by a third party vendor and complies with all required privacy and security regulations.

38.    **Statement 26**.  From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons.  Recipients may include regulatory and tax agencies, financial institutions, investment banks, vendors, debtholders, legal and financial advisors and other parties in the two (2) years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed all parties that may have received such financial statements for the purposes of Question 26d.

39.    **Statement 27.**    The Debtors' inventory consists of various carbon credits, where applicable.  The Debtors also have inventory that consists of preprinted credit card stock for the inactive consumer finance business.  Although the Debtors maintain this inventory at cost value on the books and records, the card stock value is de minimus for any other purpose than licensing the Aspiration Financial consumer finance business trademarks.

40.    **Statement 29.**  Certain former officers and/or directors were identified as having received payments made on their behalf within one year of the filings date of these bankruptcy cases (see Statement 4).  Since the filing of the original Statement of Financial Affairs of CTN Holdings, three additional former officers were identified and included in this Amended Statement 29.  Although these officers were not affiliated with CTN Holdings, Inc. in the one-year period prior to the bankruptcy case (as required by this Statement), they have been included out of an abundance of caution.

41.    **Statement 30**.  Unless otherwise indicated in a Debtors' specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor Name: In re : CTN Holdings, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10603 (TMH)

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

**Part 1:**  **Summary of Assets**

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

       Copy line 88 from *Schedule A/B* ........................................................................................................

$        0.00

    1b. **Total personal property:**

       Copy line 91A from *Schedule A/B* .....................................................................................................

$     787,238,337.64

    1c. **Total of all property:**

       Copy line 92 from *Schedule A/B* .......................................................................................................

$     787,238,337.64

**Part 2:**  **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................

$     113,088,030.43

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

       Copy the total claims from Part 1 from line 5a of *Schedule E/F* .................................................

$     101,380.25

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...................................

+ $     61,557,138.08

4. **Total liabilities**

    Lines 2 + 3a + 3b ...........................................................................................................................

$     174,746,548.76

**Fill in this information to identify the case:**

Debtor Name: In re : CTN Holdings, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10603 (TMH)

☑ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

---

**Part 1:   Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**   |   **Current value of debtor's interest**

2. **Cash on hand**

   2.1  None _____   $ _____

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603
_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | | |
|---|---|---|---|---|---|
| 3.1 | Silicon Valley Bank, a division of First Citizens Bank and Trust | Analysis Checking | X4480 | $ | 0.00 |
| 3.2 | Beneficial State Bank | Business Money Market | X1529 | $ | 13.67 |
| 3.3 | Burke & Herbert Bank | Business Advantage Checking | X1326 | $ | 53,201.86 |
| 3.4 | Coastal Community Bank | Commercial Interest Checking | X4886 | $ | 993.74 |
| 3.5 | Coastal Community Bank | Commercial Interest Checking | X9884 | $ | 75,254.85 |
| 3.6 | Silicon Valley Bank, a division of First Citizens Bank and Trust | Analysis Checking | X4480 | $ | 0.00 |
| 3.7 | Silicon Valley Bank, a division of First Citizens Bank and Trust | Analysis Checking | X7017 | $ | 1,175.73 |
| 3.8 | Silicon Valley Bank, a division of First Citizens Bank and Trust | Analysis Checking | X7543 | $ | 14.20 |
| 3.9 | Silicon Valley Bank, a division of First Citizens Bank and Trust | Collateral MMA | X9988 | $ | 250,000.00 |

4. **Other cash equivalents** *(Identify all)*

$ _____

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$ 380,654.05

| Debtor: | CTN Holdings, Inc. | Case number *(if known)* | 25-10603 |
|---|---|---|---|
| | Name | | |

## Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 Foreign Payroll Deposit - People Center, Inc. (d/b/a Rippling) | $ | 36,061.47 |
| 7.2 Security Deposit on Abandoned Lease - URP XII XIII, LLC | $ | 19,729.00 |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 Balance on Pre-Petition Retainer - CR3 Partners | $ | 31,779.88 |
| 8.2 Balance on Pre-Petition Retainer - Verita | $ | 25,000.00 |
| 8.3 Credit Balance on Credit Card - Rippling | $ | 2,909.96 |
| 8.4 Pre-paid Card Stock - Giesecke+Devrient ePayments America, Inc. | $ | 297,523.47 |
| 8.5 Prepaid Employee Benefits - Guardian | $ | 3,176.24 |
| 8.6 Prepaid Employee Benefits - Anthem | $ | 19,537.20 |
| 8.7 Prepaid Industry Membership - IETA | $ | 7,496.92 |
| 8.8 Prepaid Insuance - First Insurance Funding | $ | 891.39 |
| 8.9 Prepaid Insurance - Woodruff Sawyer | $ | 93,696.15 |
| 8.10 Prepaid IT Expense - Chloris Geospatial Inc. | $ | 33,534.25 |
| 8.11 Prepaid Software Expense - Carta, Inc. | $ | 4,157.37 |
| 8.12 PrepaidSoftware Expense - NetSuite Inc. | $ | 1,241.49 |
| 8.13 Prepetition Video Monitoring - Wildmon | $ | 51,796.84 |
| 8.14 Retainer for Legal Services - Wenokur Riordian | $ | 5,000.00 |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| $ | 633,531.63 |

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*    25-10603
_____

| **Part 3:** | **Accounts receivable** |
|---|---|

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | | Description | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Accounts Recievable | $ 9,941.00 | - $ | 0.00 | =.....➔ | $ | 9,941.00 |
| 11b. | Over 90 days old: | Accounts Recievable | $ 36,225.00 | - $ | 0.00 | =.....➔ | $ | 36,225.00 |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| $ | 46,166.00 |

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603
_____

## Part 4:    Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | | |
|---|---|---|---|
| 14.1 | None | $ | |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                                        % of ownership:

| | | % | Valuation | Current value |
|---|---|---|---|---|
| 15.1 | Aspiration Fund Adviser, LLC | 100% | | $ Undetermined |
| 15.2 | Aspiration QFZ, LLC | 100% | | $ Undetermined |
| 15.3 | Aspiration Realty, LLC | 100% | Book | $ 0.00 |
| 15.4 | Catona Climate Foundation | 100% | Book | $ 0.00 |
| 15.5 | Catona Climate Solutions, LLC | 100% | | $ Undetermined |
| 15.6 | CTN SPV Holdings, LLC | 100% | | $ Undetermined |
| 15.7 | Make Earth Green Again, LLC | 100% | | $ Undetermined |
| 15.8 | Zero Carbon Holdings, LLC | 100% | | $ Undetermined |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | | |
|---|---|---|---|
| 16.1 | None | $ | |

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| | |
|---|---|
| $ | 0.00 |

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603

## Part 5: Inventory, excluding agriculture assets

**18.** **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 None | | $ | | $ |
| **20. Work in progress** | | | | |
| 20.1 None | | $ | | $ |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 ACR/100-Mile Wilderness Forestry Project - Carbon Credits | 3/30/2025 | $ 171,100.00 | Market | $ Undetermined |
| 21.2 ACR/100-Mile Wilderness Forestry Project - Carbon Credits | 3/30/2025 | $ 123,980.00 | Market | $ Undetermined |
| 21.3 ACR/Big Six Forestry Project - Carbon Credits | 3/30/2025 | $ 281,410.00 | Market | $ Undetermined |
| 21.4 ACR/Big Six Forestry Project - Carbon Credits | 3/30/2025 | $ 425,262.00 | Market | $ Undetermined |
| 21.5 Pre-Paid Card Stock - Mission Financial Partners | 3/30/2025 | $ 297,523.47 | Cost | $ Undetermined |
| *Amended herein - Net Book Value updated* | | | | |
| 21.6 VCS/Cordillera Azul National Park REDD Project | 3/30/2025 | $ 51.75 | Market | $ Undetermined |
| 21.7 VCS/Hydroelectric Project in Kinnaur District in Himachal Pradesh | 3/30/2025 | $ 6,857.40 | Market | $ Undetermined |
| 21.8 VCS/Longyuan Mulilo De Aar 2 North Wind Energy Facility | 3/30/2025 | $ 5.75 | Market | $ Undetermined |
| 21.9 VCS/Northern Great Plains Regenerative Grazing Project | 3/30/2025 | $ 52,496.00 | Market | $ Undetermined |
| 21.10 VCS/Northern Kenya Grassland Project | 3/30/2025 | $ 398,172.00 | Market | $ Undetermined |
| 21.11 VCS/Reforestation of Degraded forest reserves in Ghana - Carbon Credits | 3/30/2025 | $ 55,000.00 | Market | $ Undetermined |
| 21.12 VCS/The Mai Ndombe REDD+ Project | 3/30/2025 | $ 1,830.50 | Market | $ Undetermined |
| **22. Other inventory or supplies** | | | | |
| 22.1 None | | $ | | $ |

**23. Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ 0.00

**24. Is any of the property listed in Part 5 perishable?**

☒ No
☐ Yes

Debtor:  CTN Holdings, Inc.
_____
Name

Case number *(if known)*:  25-10603

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes. Description_____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603

---

**Part 6:**  **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☒ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ | | $ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.

    $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
    - ☐ No
    - ☐ Yes. Is any of the debtor's property stored at the cooperative?
        - ☐ No
        - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes.  Description _____ Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    - ☐ No
    - ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

---

Debtor: CTN Holdings, Inc.

Case number *(if known)*: 25-10603

Name

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 Desks and various other office furniture | $ 0.00 | | $ Undetermined |
| **40. Office fixtures** | | | |
| 40.1 None | $ | | $ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Computer Equipment | $ 63,804.82 | | $ Undetermined |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☑ No. Go to Part 9.

    ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | _____ | $ _____ |
| **49. Aircraft and accessories** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No

    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor:  CTN Holdings, Inc.
_____    Case number *(if known):*  25-10603
Name

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☐  No. Go to Part 10.

☒  Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property  Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest  (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  Leased Office Space - 4551 Glencoe Avenue, Suite 300  Marina Del Ray, CA  90292 | Leasee | $            0.00 | None | $            0.00 |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.    $            0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☒  No

☐  Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒  No

☐  Yes

Debtor: CTN Holdings, Inc. _____ Case number (if known): 25-10603
     Name

---

**Part 10:** **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 15/671000/2018/030032 - Patent - System and Method for Determining Impact Measurement Scores Based upon Consumer Transactions | $    Included with CMA | | $    Undetermined |
| 60.2 16/268835/2020/0175599 - Patent - System and Method for User-Set Fees for Financial Services | $    Included with CMA | | $    Undetermined |
| 60.3 66 Trademarks | $    Included with CMA | | $    Undetermined |
| 60.4 Aspiration CMA - software and AP related to Aspiration Financial consumer finance business | $    3,829,998.99 | Book | $    Undetermined |
| 60.5 Aspiration Credit Card Development - the development of the consumer finance business | $    0.00 | Book | $    Undetermined |
| 60.6 Aspiration Sustainability Program - Consumer finance business customer program | $    0.00 | Book | $    Undetermined |
| 60.7 Software Development | $    48,576.37 | Book | $    Undetermined |
| 61. **Internet domain names and websites** | | | |
| 61.1 Domain Names | $    95,567.78 | | $    Undetermined |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 License Agreement with Mission Financial Partners, LLC to use the Aspiration Advisers, LLC trademarks | $    0.00 | | $    Undetermined |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 Former consumer finance customers to Aspiration Financial, LLC | $    0.00 | | $    Undetermined |
| 63.2 Lists of prospective carbon credit buyers | $    0.00 | | $    Undetermined |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 CTN Holdings Inc https://www.linkedin.com/company/ctn-holdings-inc | $    0.00 | | $    Undetermined |
| 64.2 Prepaid Carbon Credits - Eden Reforestation Projects | $    958,484.57 | Cost | $    Undetermined |
| 64.3 Facebook - facebook.com/AspirationInvestments | $    0.00 | | $    Undetermined |
| 64.4 Instagram - instagram.com/aspiration | $    0.00 | | $    Undetermined |
| 64.5 Prepaid Carbon Credits - Zero Carbon Holdings | $    29,500,000.00 | Cost | $    Undetermined |
| 64.6 Prepaid Carbon Credits -Trees for the Future | $    13,896,102.00 | Cost | $    Undetermined |
| 64.7 X (Twitter) - twitter.com/aspiration | $    0.00 | | $    Undetermined |
| 64.8 YouTube channel - @aspirationtube | $    0.00 | | $    Undetermined |
| 65. **Goodwill** | | | |
| 65.1 None | $ | | $ |

---

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603
_____

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☒ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☒ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒ No
☐ Yes

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

| Description (include name of obligor) | Total face amount | doubtful or uncollectible accounts | | Current value |
|---|---|---|---|---|
| 71.1  Notes Receivable -Native Contract | $ 17,832,980.91 | - $ 0.00 | =..... ➜ $ | 17,832,980.91 |

| Description (include name of obligor) | Total face amount | doubtful or uncollectible accounts | | |
|---|---|---|---|---|
| 71.2  Shareholder Note Receivable - Apogee Pacific, LLC | $ 15,963,505.93 | - $ 0.00 | =..... ➜ $ | 15,963,505.93 |

72. **Tax refunds and unused net operating losses (NOLs)**

| Description (for example, federal, state, local) | Tax year | Value |
|---|---|---|
| 72.1  Federal Charitable Contributions Carryover | 2023 | $ 1,101,214.00 |
| 72.2  Federal Non-SRLY NOL Carryover | 2023 | $ 580,383,566.00 |
| 72.3  Federal Sec. 1231 Losses Carryover | 2023 | $ 97,875.00 |
| 72.4  Federal Sec. 382 NOL Carryover | 2023 | $ 170,276,734.00 |

73. **Interests in insurance policies or annuities**

| | Value |
|---|---|
| 73.1  Argonaut Insurance Company; policy number - ML4289529-0 | $ Undetermined |
| 73.2  AXIS Insurance Company; policy number - P-001-001481237-01 | $ Undetermined |
| 73.3  Capitol Specialty Insurance Corporation; policy number AP20191036-03 | $ Undetermined |
| *Amended herein - Added* | |
| 73.4  Citizens Insurance Company of America; policy number - OB3-H406385-05 | $ Undetermined |
| 73.5  Crum and Forster; policy number EIA-101587 | $ Undetermined |
| *Amended herein - Added* | |
| 73.6  Hudson Excess Insurance Company; policy number - HE-0303-12185 | $ Undetermined |
| 73.7  RSUI Indemnity Company; policy number - NEP710070 | $ Undetermined |
| 73.8  The Hanover Insurance Group; policy number - RHF J250446 02 | $ Undetermined |
| 73.9  The Hartford; policy number - 72 WE BD4GK1 | $ Undetermined |
| 73.10  Underwriters at Lloyd's of London/Republic Van Guard Insurance Company; policy number - EFI1203316-00 | $ Undetermined |
| 73.11  Zurich American Insurance Company; policy number - EOC 6182960-01 | $ Undetermined |

Debtor: CTN Holdings, Inc.
Name

Case number *(if known)*: 25-10603

| | | |
|---|---|---|
| 73.12 Zurich in North America; policy number - SPR 5630977-01 | $ | Undetermined |

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

| | | |
|---|---|---|
| 74.1  Aspiration Partners, Inc. vs. Socure, Inc. | $ | Undetermined |

**Nature of claim**    Breach of Contract

**Amount requested**    $    Undetermined

| | | |
|---|---|---|
| 74.2  Aspiration Partners, Inc. vs. Eden Reforestation Projects and Compassionate Carbons, LLC | $ | Undetermined |

**Nature of claim**    Breach of Contract

**Amount requested**    $    Undetermined

| | | |
|---|---|---|
| 74.3  Imperative Global Investments (Malawi) | $ | Undetermined |

**Nature of claim**    Breach of Contract

**Amount requested**    $    6,500,000.00

| | | |
|---|---|---|
| 74.4  Native, a Public Benefit Corporation | $ | Undetermined |

**Nature of claim**    Breach of Contract

**Amount requested**    $    Undetermined

| | | |
|---|---|---|
| 74.5  Potential employed lawyer liability claim relating to a contract being cancelled by former in-house counsel. | $ | Undetermined |

**Nature of claim**    Employed Lawyer Liability Claim

**Amount requested**    $    Undetermined

**75.  Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| | | |
|---|---|---|
| 75.1  None | $ | |

**Nature of claim**

**Amount requested**    $

**76.  Trusts, equitable or future interests in property**

| | | |
|---|---|---|
| 76.1  Kijani Forestry Project - Future Carbon Credits/Development | $ | Undetermined |
| 76.2  NatureRE Project - Future Carbon Credits/Development | $ | Undetermined |
| 76.3  Trees for the Future Project - Future Carbon Credits/Development | $ | Undetermined |

**77.  Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

| | | |
|---|---|---|
| 77.1  Judgment entered 09/20/2024 against Four Thirteen, LLC | $ | 522,110.12 |

**78.  Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| $ | 786,177,985.96 |

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑  No

☐  Yes

Debtor: CTN Holdings, Inc.
_____
Name

Case number *(if known)*: 25-10603

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 380,654.05 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 633,531.63 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 46,166.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 786,177,985.96 | |
| 91. **Total.** Add lines 80 through 90 for each column..............91a. | $ 787,238,337.64 | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ....................................................................................................    $ 787,238,337.64

| Fill in this information to identify the case: |
| --- |
| Debtor Name: In re : CTN Holdings, Inc. |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number (if known): 25-10603 (TMH) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☑  Amended *Schedule*     Schedule A/B - Assets-Real and Personal Property

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐  *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/13/2025                    ✖ / s / Miles Staglik
　　　　　　　　MM / DD / YYYY              Signature of individual signing on behalf of debtor


                                          Miles Staglik
                                          Printed name

                                          Chief Restructuring Officer
                                          Position or relationship to debtor