**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-10603 (TMH)<br>(Jointly Administered)<br><br>**Related Docket Nos. 231 & 232** |

**DECLARATION OF MILES STAGLIK**
**IN SUPPORT OF (I) MOTION FOR ENTRY OF AN ORDER**
**ENFORCING THE AUTOMATIC STAY AGAINST TREES FOR THE FUTURE AND**
**(II) DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND**
**SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY**
**AGAINST TREES FOR THE FUTURE**

I, Miles Staglik, hereby declare as follows (the "Declaration"):

1. I am a managing director at CR3 Partners ("CR3), and I currently serve as Chief Restructuring Officer of the above captioned debtors and debtors in possession (together, the "Company" or the "Debtors," and each a "Debtor"), which bankruptcy cases (the "Chapter 11 Cases") are proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. I have over 15 years of experience in distressed transactions, including in- and out-of-court restructurings, operational turnarounds, balance sheet restructurings, business cost rationalizations, strategic opportunity identification, debt and equity capital raising, mergers and acquisitions, divestitures, and financial modeling and forecasting. I routinely serve as a Chief Restructuring Officer for companies ranging in size from $25 million to $800 million in revenue,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

assist clients with liquidity solutions, assess business plan viability, structure plans of reorganization and conduct recapitalization and asset sale processes. I have further conducted, participated in and advised parties on numerous bankruptcy sale processes.

3. I submit this Declaration in support of the (i) *Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Trees for the Future* (the "Motion to Enforce") and (ii) *Debtors' Motion for Entry of an Order Shortening Notice and Scheduling an Expedited Hearing with Respect to Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Trees for the Future* (the "Motion to Shorten") .

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by members of the Debtors' management, employees of CR3 working directly with me or under my supervision, direction or control and/or from the Debtors' other professionals and advisors.

5. I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

**THE MOTION TO ENFORCE**

6. On or about June 8, 2022, Aspiration and Trees for the Future ("TREES") entered into a "Program Agreement" (the "Program Agreement"; a true and correct copy of the Program Agreement is attached hereto as **Exhibit A**). The Program Agreement was designed to allow TREES and Aspiration to develop a carbon offset project through the restoration of farmer-

owned, degraded agricultural land into no-till, multi-strata forest gardens in the Lake Victoria Watershed in Western Kenya (the "Project").

7. The Program Agreement provides for TREES and Aspiration to "collaborate on the Project through the conduct of the Project Design Document during the Term." Program Agreement § 2.1. TREES was tasked with developing the Project Design Document, with Aspiration having a right to approve it and assent to any modifications. *Id.* § 2.2. As relevant here, Aspiration has an obligation to provide funding for the Project, but only if the budgets for the Project, prepared and submitted by TREES, do not exceed agreed-upon budget estimates by 10% or more. Program Agreement § 2.4(b). If TREES submits budgets that exceed the estimates by 10% or more, and is "not capable of reducing the cost," Aspiration "may terminate the Agreement immediately." *Id.*

8. The Program Agreement is governed by California law. Program Agreement § 9.2.

9. TREES has developed a Project Design Document, which has been approved by Aspiration. The Program Agreement contemplates that the Project cover approximately 15,000 hectares of land in Kenya. Program Agreement at 1. The parties agreed, however, to prepare and file a Project Design Document that covers approximately 75,000 hectares, to preserve optionality for the parties to scale up the Project.

10. On or about April 23, 2024, Aspiration and TREES entered into a memorandum of understanding, providing a proposed outline pursuant to which the parties would collaborate on the Project scale-up to cover 75,000 hectares. (the "MOU"; a true and correct copy of the MOU is attached hereto as **Exhibit B**). The MOU was subsequently extended two times (true

and correct copies of these documents extending the MOU are attached hereto as **Exhibit C** and **Exhibit D**, respectively.

11.     The MOU, as extended, expired on March 19, 2025.

12.     TREES and Aspiration have collaborated to advance the Project since its inception. To date, Aspiration has provided approximately $15 million in funding to TREES to finance the Project. The Project has, however, been beset by delays and cost increases. As of the date hereof, the Project is more than 10% over budget.

13.     On or about April 11, 2025, TREES submitted a proposed budget for the 2025–2026 fiscal year of the Project. That proposed budget was more than 10% over the budget estimates agreed upon in the Program Agreement. Aspiration has attempted to work with TREES in good faith to determine whether TREES is able to reduce the costs. TREES has been unable or unwilling to reduce costs or submit a compliant budget for approval to Aspiration.

14.     On or about April 24, 2025, TREES communicated to Aspiration that it was making efforts to bring in new investors to fund the Project and scale it up to 75,000 hectares. TREES' proposal would result in the commingling and dilution of Aspiration's ownership and management rights in the Project. TREES indicated that it intended to go forward with the plan to bring new partners into the Project regardless of whether Aspiration consented. Aspiration was not presented with an opportunity to invest on the same terms as those we believe were offered to the new third-party investors.

15.     Aspiration has the sole right to collaborate with TREES to implement the Project under the Program Agreement. No provision allows TREES to unilaterally bring in new or replacement investors. Moreover, Aspiration understands that TREES plans to promise "Verified Carbon Units" to these proposed new investors as consideration for their investments. Aspiration

has an unconditional right to consent to the issuance of any "Verified Carbon Units" under the Program Agreement. Program Agreement § 2.5(c) ("Aspiration shall have the decisive vote regarding matters relating to the strategic direction for issues relating to the issuance of Verified Carbon Units, registration of such Verified Carbon Units on the Verra Registry or sales or transfer of any Issued VCUs.").

16. TREES' actions threaten the value of the Debtors' estates and their rights in valuable property. I believe that cause exists for the court to enter an order enforcing the automatic stay against TREES and prohibiting them from taking other actions harmful to the Debtors' rights and interests.

## THE MOTION TO SHORTEN

17. On April 11, 2025, the Debtors moved for approval of a stalking horse purchase agreement and bid procedures to sell substantially all of the Debtors' assets (D.I. 65) (the "Sale Motion").

18. On May 14, 2025, the Court entered an order approving the Sale Motion (D.I. 171) (the "Bid Procedures Order").

19. A hearing to approve the sale of substantially all of the Debtors' assets is scheduled for June 2, 2025 (the "Sale Hearing").

20. The Program Agreement is an asset of the Debtors' estates subject to the sale process and the Court-approved stalking horse purchase agreement.

21. The Program Agreement is a significant asset of the Debtors' estates subject to the sale process and the Court-approved stalking horse purchase agreement, and the parties to the Program Agreement have been unable to resolve the above-described dispute. The Debtors, the stalking horse bidder, and/or successful bidder at the upcoming auction, if any, require certainty

that the Debtors' interest in the Program Agreement is sufficiently protected prior to consummation of the sale of the Debtors' assets.

22. Accordingly, I believe that shortened notice and an expedited hearing are justified so that certainty regarding the Program Agreement may be had by all interested parties at the conclusion of the Sale Hearing so that consummation of the sale of Debtors' assets is not unduly delayed, imposing additional burden and expense on the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 22, 2025                    */s/ Miles Staglik*
                                       Miles Staglik, Chief Restructuring Officer
                                       CTN Holdings, Inc.
                                       CTN SPV Holdings, LLC
                                       Make Earth Green Again, LLC
                                       Aspiration QFZ, LLC
                                       Aspiration Fund Adviser, LLC
                                       Catona Climate Solutions, LLC
                                       Zero Carbon Holdings, LLC