IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CTN Holdings, Inc., *et al.*,[1] | ) | Case No. 25-10603 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: October 20, 2025 at 4:00 p.m.** |
| | ) | **Hearing Date: TBD** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER EXTENDING
THE DEADLINE BY WHICH THE CHAPTER 7 TRUSTEE MAY ASSUME OR
REJECT EXECUTORY CONTRACTS**

Jami B. Nimeroff, as Chapter 7 Trustee (the "Chapter 7 Trustee") for CTN Holdings, Inc. and its affiliated debtors (the "Debtors"), hereby moves (this "Motion") this Honorable Court for the entry of an order, pursuant to Section 365(d)(1) of the Bankruptcy Code, extending by sixty (60) days, thorough and including December 5, 2025, the deadline by which the Chapter 7 Trustee must assume or reject the contracts (the "Contracts") identified on Exhibit A to the proposed order attached hereto.[2] In support of this Motion, the Chapter 7 Trustee represents and states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. The Chapter 7 Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375), Zero Carbon Holdings, LLC (1679), and Carbon Sequestration III, LLC (2344). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

[2] The inclusion of the Contracts on Exhibit A is not an admission that the Contracts are executory contracts.

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief request herein is Section 365(d)(1) of the Bankruptcy Code.

## BACKGROUND

4. On March 30, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Chapter 11 Cases are jointly administered pursuant to the Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases [D.I. 34].

5. On April 10, 2025, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors [D.I. 59].

6. On July 11, 2025, the Debtors filed their *Debtors' Motion for Entry of Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Approving Transition Services Agreement, (III) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (IV) Granting Related Relief [D.I. 307]* and on August 7, 2025, this Court entered its *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Approving Transition Services Agreement, (III) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (IV) Granting Related Relief* [D.I. 351].

7. On August 7, 2025, the UST filed a Notice to Interim Trustee/Trustee of Selection in an Asset Case appointing Jami B. Nimeroff as Chapter 7 Trustee for each of the Chapter 7 Debtors. [*See e.g.* D.I. 352, Case No. 25-10603]

8.      A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) for the Chapter 7 Debtors was held and concluded on September 18, 202,5 at 1:00 p.m.  Jami B. Nimeroff now serves as the permanent Trustee for the Chapter 7 Debtors.

9.      While a sale of substantially all of the Debtors' assets occurred during the Chapter 11 cases, the Chapter 7 Trustee is in the process of investigating the Debtors' remaining assets with the intent of maximizing their value for the benefit of the Debtors' estates. Pursuant to the UCC- Debtors-DIP lender Settlement Agreement approved as part of the Final DIP Order entered in the Chapter 11 cases [D.I. 204-3], the sum of $725,000 has been committed by the DIP Lender to the Debtors' estates to fund the investigation, pursuit and monetization of the Retained Assets excluded from the sale of the Debtors assets during the Chapter 11 case, including (i) avoidance actions and other chapter 5 causes of action, (ii) D&O claims, and D&O insurance policies and proceeds, (iii) commercial contract and tort claims, (iv) any other claims and causes of action of the Debtors, and (v) any other assets excluded from the Sale.

10.     The Final Report and Account filed by the Debtors on September 10, 2025, includes a list of 89 executory contracts and unexpired leases remaining with the Debtors' estates following the Conversion Date.  [D.I. 363-5, Exhibit 5].  At the 341 Meeting held on September 18, 2025, Miles Staglik, the Debtors' CRO, testified that he is not aware of any executory contracts included on that list for which the Debtors are entitled to receive payment(s) in the future.  Nevertheless, the Chapter 7 Trustee intends to conduct a review of these executory contracts to determine what benefit, if any, each of the listed contracts could provide to the Debtors' estates.

11.     In addition, the Debtors had contracts with various vendor by which they conducted business and maintained their books and records, most of which were hosted on the cloud.  The gathering and preservation of the Debtors' business information and books and records is

important to both (i) the Debtors' Estates, which will be investigating existing litigation claims and potential claims and causes of action belonging to the Estates, and (ii) the SEC, the DOJ and other agencies or entities which may be pursuing claims against individuals or entities relating to the Debtors' pre-petition business and/or the actions of certain of the Debtors' principals. The Chapter 7 Trustee needs to review all of the contracts that the Debtors had with third parties relating to the Debtors' documents, records and management systems, to ensure that information and records are adequately preserved.

12. The Chapter 7 Trustee is in the process of retaining both general counsel to the Debtors' estates and special counsel to investigate and pursue potential causes of action, each of which will assist in the process of (i) reviewing whether the Debtors' executory contracts and unexpired leases have any value to the Debtors' estates, and (ii) identifying and preserving records, including the third-party contracts that are necessary for that purpose.

## RELIEF REQUESTED AND BASES THEREFORE

13. Pursuant to Section 365(d)(1) of the Bankruptcy Code, the current deadline for the Chapter 7 Trustee to assume or reject contracts is October 6, 2025 (the "Current Deadline"). By this Motion, the Chapter 7 Trustee requests the entry of an order, pursuant to Section 365(d)(1) of the Bankruptcy Code, extending by sixty (60) days, thorough and including December 5, 2025, the deadline by which the Chapter 7 Trustee must assume or reject the Contracts.

14. Courts have substantial discretion in determining if "cause" is present to extend the period to assume or reject. Among other factors, courts have considered (i) whether the contract is an important asset of the estate; (ii) whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets; (iii) whether the debtor satisfies its obligations under the contracts; and (iv) whether counter-contract party would be damaged beyond

compensation available under the Bankruptcy Code. *In re Wedtech Corp.*, 72 B.R. 464, 471-472 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-106 (2d Cir. 1982); *see also*, *In re Channel Home Center, Inc.*, 989 F.2d 682, 689 (3d Cir.), *cert. denied Legacy, Ltd. v. Channel Home Centers, Inc.*, 510 U.S. 865 (1993); *In re Muir Techs, Inc.*, 120 B.R. 154, 158-159 (Bankr. S.D. Cal. 1990).

15. In this case, ample cause exists to grant the requested extension. The Debtors are a party to 89 executory contracts and unexpired leases that need to be reviewed by counsel to the Chapter 7 Trustee to determine whether any of the contracts have value to the Debtors' Estates.

16. In addition, the Chapter 7 Trustee expects counsel she is seeking to retain to assist with identifying contracts necessary to the preservation of the Debtors' books and records, including information relevant to potential claims and causes of action belonging to the Debtors' Estates, as well as documentation sought by government agencies and other parties.

17. The counterparties will not be harmed if the extension is granted because to the extent there are payment obligations associated with the contracts, the Chapter 7 Trustee will be prepared to address them as and to the extent required by the Bankruptcy Code.

## NOTICE

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee, (ii) contract counterparties, and (iii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002. The Chapter 7 Trustee submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Chapter 7 Trustee respectfully requests the entry of an order, pursuant to Section 365(d)(1) of the Bankruptcy Code, extending by sixty (60)

days, thorough and including December 5, 2025, the deadline by which the Chapter 7 Trustee must assume or reject the Contracts and granting such other and further relief as is just and proper.

Date: October 3, 2025  
      Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William D. Sullivan*  
William D. Sullivan (No. 2820)  
William A. Hazeltine (No. 3294)  
919 North Market Street, Suite 420  
Wilmington, DE 19801  
Tel: (302) 428-8191  
Fax: (302) 428-8195  
Email: bsullivan@sha-llc.com  
       whazeltine@sha-llc.com

*Proposed Counsel to Jami B. Nimeroff, Chapter 7 Trustee*